David L. Gernsbacher Cal. Bar No. 89596
E-Mail: dgernsbacher@dlglaw.com
LAW OFFICES OF DAVID L. GERNSBACHER
9107 Wilshire Blvd Ste 450
Beverly Hills CA 90210-5535
Tel: (310) 550-0125
Fax: (310) 550-0608

Attorney for Plaintiffs and Counter-Defendants
MAX KLEVEN and RIN, INC.

Kirk M. Hallam CA Bar No. 108975
E-Mail: kmhallam@aol.com
LAW OFFICES OF KIRK M. HALLAM
201 Santa Monica Blvd Ste 300
Santa Monica CA 90401-2224
Tel: 310-393-4006
Fax: 310-564-7623

Attorney for Intervenor
SHAMROCK ENTERTAINMENT, LTD.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| MAX KLEVEN, an individual; RIN, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>DAPHNE HEREFORD, an individual; RIN TIN TIN, INC., a Texas Corporation; BELLEAIR TRADING INTERNATIONAL, LLC, a Florida limited liability company DOES 1 through 20, inclusive<br><br>Defendants. | Case No. CV13-02783 AB (AGRx)<br><br>TRIAL DECLARATION OF DAVID L. GERNSBACHER<br><br>Trial:<br>Date: December 2, 2014<br>Time: 8:30 a.m.<br><br>Courtroom of the Honorable André Birotte Jr. United States District Judge |
| AND COUNTERCLAIMS AND CLAIMS IN INTERVENTION | |

**DECLARATION OF DAVID L. GERNSBACHER**

I, David L. Gernsbacher, declare and state:

1. I am an attorney admitted to practice before this Court and all Courts of the State of California. I have personal knowledge of the following facts and could competently testify to these facts if called upon to do so.

2. I represent Plaintiffs Max Kleven and Rin, Inc. (collectively, "Plaintiffs") in this action. I have been Plaintiffs' attorney of record in this case since its inception and have personally read and am familiar with all discovery propounded by Plaintiffs and by Plaintiff in Intervention Shamrock Entertainment, Ltd. ("Shamrock").

3. This Declaration is submitted in lieu of reading in open court the following discovery requests and responses as part of plaintiffs' case in chief.

4. On December 30, 2014, I directed Plaintiffs' First Set of Requests for Admission to defendant Belleair Trading International, LLC ("Belleair") in this action. Plaintiff's Requests for Admission Nos. 121 through 129 and Belleair's Responses to those Requests for Admission are as follows:

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 121:**

Admit that HEREFORD's claim to the RTT TRADEMARKS is not based on any participation by HEREFORD in the creation of any RIN TIN TIN MOVIES, RIN TIN TIN RADIO SHOWS or RIN TIN TIN TV SHOWS.

**BELLEAIR'S RESPONSE TO REQUEST FOR ADMISSION NO. 121:**

Admit.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 122:**

Admit that RTT INC.'s claim to the RTT TRADEMARKS is not based on any participation by RTT INC. in the creation of any RIN TIN TIN MOVIES, RIN TIN TIN RADIO SHOWS or RIN TIN TIN TV SHOWS.

**BELLEAIR'S RESPONSE TO REQUEST FOR ADMISSION NO. 122:**

Admit.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 123:**

Admit that HEREFORD's claim to the RTT TRADEMARKS is not based on any participation by HEREFORD in the creation of any Rin Tin Tin or Rinty movie or television character.

**BELLEAIR'S RESPONSE TO REQUEST FOR ADMISSION NO. 123:**

Admit.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 124:**

Admit that RTT INC.'s claim to the RTT TRADEMARKS is not based on any participation by RTT INC. in the creation of any Rin Tin Tin or Rinty movie or television character.

**BELLEAIR'S RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

Admit.

**PLAINTIFF'S REQUEST FOR ADMISSIN NO. 125:**

Admit that HEREFORD's claim to the RTT TRADEMARKS is not based on any copyrights or any interests in copyrights ever held by HEREFORD in any RIN TIN TIN MOVIES, RIN TIN TIN RADIO SHOWS or RIN TIN TIN TV SHOWS.

**BELLEAIR'S RESPONSE TO REQUEST FOR ADMISSION NO. 125:**

Admit.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 126:**

Admit that RTT INC.'s claim to the RTT TRADEMARKS is not based on any copyrights or any interests in copyrights ever held by RTT INC. in any RIN TIN TIN MOVIES, RIN TIN TIN RADIO SHOWS or RIN TIN TIN TV SHOWS.

**BELLEAIR'S RESPONSE TO REQUEST FOR ADMISSION NO. 126:**

Admit.

**PLAINTIFF'S REOUEST FOR ADMISSION NO. 127:**

Admit that HEREFORD's claim to the RTT TRADEMARKS is not based on any ownership interest ever held by HEREFORD in any RIN TIN TIN MOVIES, RIN TIN TIN RADIO SHOWS or RIN TIN TIN TV SHOWS.

**BELLEAIR'S RESPONSE TO REQUEST FOR ADMISSION NO. 127:**

Admit.

**PLAINTIFF'S REOUEST FOR ADMISSION NO. 128:**

Admit that RTT INC.'s claim to the RTT TRADEMARKS is not based on any ownership interest ever held by RTT INC. in any RIN TIN TIN MOVIES, RIN TIN TIN RADIO SHOWS or RIN TIN TIN TV SHOWS.

**BELLEAIR'S RESPONSE TO REQUEST FOR ADMISSION NO. 128:**

Admit.

**PLAINTIFF'S REOUEST FOR ADMISSION NO. 129:**

Admit that HEREFORD's claim to the RTT TRADEMARKS is not based on any copyrights or any interests in copy rights ever held by HEREFORD in any movies, radio or television shows in which a dog named Rin Tin Tin played a role.

**BELLEAIR'S RESPONSE TO REQUEST FOR ADMISSION NO. 129:**

Admit.

5. On December 30, 2014, Shamrock's First Set of Interrogatories was propounded upon the defendants in this action. Shamrock's Interrogatory Nos. 2 and 3 and the Responses to those Interrogatories of Daphne Hereford ("Hereford") are as follows:

**SHAMROCK'S INTERROGATORY NO. 2:**

If you contend that you have used the phrase "Rin Tin Tin" as a mark in commerce, please set forth all facts upon which you base that

contention, including the dates and nature of each use.

**HEREFORD'S RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to these Requests to the extent that they are overbroad and unduly burdensome and impose obligations in excess of those imposed by the Federal Rules of Civil Procedure. Defendant's use of the marks in Interstate Commerce are a matter of public record through various Internet sites that are readily accessible to Intervenor.

**SHAMROCK'S INTERROGATORY NO. 3:**

If you contend that you acquired rights to use the phrase "Rin Tin Tin" as a mark in commerce, please set forth all facts upon which you base that contention.

**HEREFORD'S RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to these Requests to the extent that they are overbroad and unduly burdensome and impose obligations in excess of those imposed by the Federal Rules of Civil Procedure. Defendant's use of the marks in Interstate Commerce are a matter of public record through various Internet sites that are readily accessible to Intervenor.

***Hereford's discovery responses provided <u>no</u> information regarding the unspecified uses, or the identity or location of these "various Internet sites."***

6. Shamrock's Interrogatory Nos. 2 and 3 and the Responses of Belleair Trading International, LLC ("Belleair") to those Interrogatories are as follows:

**SHAMROCK'S INTERROGATORY NO. 2:**

If you contend that you have used the phrase "Rin Tin Tin" as a mark in commerce, please set forth all facts upon which you base that contention, including the dates and nature of each use.

**BELLEAIR'S RESPONSE TO INTERROGATORY NO. 2:**

Responding party has used the phrase "Rin Tin Tin" in commerce since the summer of 2012. See Documents Responsive to Request No. 41,

produced in response to plaintiffs' First Set of Request for Production—which documents are produced in response to Shamrock's Request for Production No. 3.

**SHAMROCK'S INTERROGATORY NO. 3:**

If you contend that you acquired rights to use the phrase "Rin Tin Tin" as a mark in commerce, please set forth all facts upon which you base that contention.

**BELLEAIR'S RESPONSE TO INTERROGATORY NO. 3:**

Belleair was advised by co-defendant Daphne Hereford at some time prior to April, 2012 that a corporation she owned in its entirety, RIN TIN TIN, INCORPORATED owned the trademark for Rin Tin Tin; due diligence by Belleair supported Daphne Hereford's claim that Rin Tin Tin, Incorporated owned several trademark for the name, Rin Tin Tin. On April 10, 2012 Belleair and Rin Tin Tin, incorporated entered into a Merchandising Licencing Agreement wherein Belleair was granted the exclusive right/license to manufacture/distribute/sell products using the mark/name Rin Tin Tin in its packaging and advertising.

On or about March 22, 2013 Daphne Hereford and Belleair entered into a TRADEMARK ASSIGNMENT and AGREEMENT/BILL OF SALE in which agreements Daphne Hereford assigned to Belleair all of her rights title and interest to the marks Rin Tin Tin #3215700 and #3380788.

Reg. No. 3,215,700 covers dog clothing, dog collars, leashes, caps, jackets, board games, dog toys, etc. Reg. No 3,380,788 covers dog food.

On or about August 1, 2013 Belleair, Rin Tin Tin, Incorporated and Daphne Hereford entered into a subsequent "Agreement/Bill of Sale" in which agreement Belleair purchased the following trademarks

registered with the United States Patent and Trademark Office: #4263551, #1763135, #2384745, #2538312, #3582436, #3111161, #2969852 and #3789458.

6. On December 30, 2014, Shamrock propounded its First Request for Production to the defendants in this action. Shamrock's Request for Production Nos. 10, 11 and 18 and Hereford's Response to those Requests for Production are as follows:

**SHAMROCK'S REQUEST NO. 10:**

One representative example of every use you have made in commerce of the phrase "Rin Tin Tin."

**HEREFORD'S RESPONSE TO REQUEST NO. 10:**

Subject to and without waiving the forgoing General Objections, including that the request is overbroad and unreasonable the information sought by the Intervenor can be obtained by public access to the Internet.

**SHAMROCK'S REQUEST NO. 11:**

Any and all shipping records, manufacturing records, advertisements, books of account, invoices, bank records, credit card records, profit and loss statements, contracts with distributors, contracts with sales representatives and other documents that mention, reflect or relate to your sale or provision of goods or services bearing or accompanied by the phrase and/or mark "Rin Tin Tin."

**HEREFORD'S RESPONSE TO REQUEST NO. 11:**

Subject to and without waiving the forgoing General Objections, including that the request is overbroad and unreasonable considering Defendant no longer owns the trademarks in question.

**SHAMROCK'S REQUEST NO. 18:**

A readily viewable copy (e.g., a DVD copy) of each motion picture that

you authorized or licensed and which features, includes or refers to Rin Tin Tin.

**SHAMROCK'S RESPONSE TO REQUEST NO. 18:**

Subject to and without waiving the forgoing General Objections, including that the request IS overbroad and unreasonable considering Defendant no longer owns the trademarks in question and the information he seeks is available by public access to the Internet.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 10, 2014, in Los Angeles, California.

/s/ David L. Gernsbacher
DAVID L. GERNSBACHER

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California and my business address is 9107 Wilshire Boulevard, Suite 450, Beverly Hills, CA 90210. I am over the age of 18 and not a party to this action.

On November 10, 2014, I served the foregoing document described TRIAL DECLARATION OF DAVID L. GERNSBACHER, on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope at Santa Monica, California, addressed as follows:

Daphne Hereford
Individually and as President
Rin Tin Tin, Inc.
P.O. Box 27
Crockett, TX 75836
(with a copy by e-mail to Daphne@Hereford.com)

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail. I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service. Correspondence for mailing is deposited with the United States Postal Service on that same day in the ordinary course of business. The foregoing document was sealed and placed for collection and mailing on the foregoing date, following the firm's ordinary practices. I am aware that on motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in the affidavit.

Executed on November 10, 2014 at Los Angeles County, California. I declare under penalty of perjury that the above is true and correct.

/s/ David L. Gernsbacher