David L. Gernsbacher, Esq., Cal. Bar No. 89596
E-Mail: dgernsbacher@dlglaw.com
LAW OFFICE OF DAVID L. GERNSBACHER
9107 Wilshire Boulevard, Suite 450
Beverly Hills, CA 90210-5535
Tel: (310) 550-0125
Fax: (310) 550-0608
Attorney for Plaintiffs and Counter-Defendants
MAX KLEVEN and RIN, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MAX KLEVEN, an individual; RIN, INC., a California corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> DAPHNE HEREFORD, an individual; RIN TIN TIN, INC., a Texas Corporation; BELLEAIR TRADING INTERNATIONAL, LLC, a Florida limited liability company DOES 1 through 20, inclusive <br><br> Defendants. <br><br>———————————————— <br><br> AND COUNTERCLAIMS AND CLAIMS IN INTERVENTION <br><br>———————————————— | Case No. CV13-02783 AB (AGRx) <br><br> **RESPONSE TO "UNOPPOSED MOTION TO DISMISS ACTION"** |

**RESPONSE TO "UNOPPOSED MOTION TO DISMISS ACTION"**

Although entitled a Response, the following is to simply bring to the court's attention information which is highly pertinent to the purported "Unopposed Motion to Dismiss Action" ostensibly filed by Attorney Catherine Lombardo subsequent to filing a Notice of Appearance on behalf of Plaintiff Max Kleven.

1.     Plaintiff Max Kleven is a party to three agreements, the Confirmation of Assignment of Rights and Joint Venture Agreement dated February 1, 2013, by and between Plaintiff Max Kleven and the principals of Plaintiff Rin, Inc., Jeff Miller, Sasha Jenson and Casey LaScala, an Amendment to Confirmation of Assignment of Rights and Joint Venture Agreement, dated February 27, 2013, again by and between Plaintiff Max Kleven and the principals of Plaintiff Rin, Inc., and a Rin Tin Tin Deal Memorandum Agreement, by and between Plaintiff Max Kleven, Plaintiff Rin, Inc. and its principals, Plaintiff-in-Intervention Shamrock Entertainment, Ltd. and its principal James Tierney.

2.     The agreements do not allow for any individual party to take any action in connection with this litigation or the subject Rin Tin Tin intellectual property on his or its own but, rather, requires that decisions and actions can only be taken by with the authority of a majority of the parties to the agreements.  No such authority has been conferred upon Plaintiff Max Kleven to file a purported "Unopposed Motion to Dismiss Action"

2.     In a Declaration of Max Kleven filed in this action on November 17, 2014 (Doc. 159-2), which was prepared by Plaintiff Max Kleven's own independent counsel Timothy Toohey of Morris Polich & Purdy, Mr. Kleven states as follows:

> [T]he only rights that I personally owned in my own right was a claim for elder abuse.   I did not own and was not authorized to make any settlement offers or negotiate any terms with respect to any of the other claims in the lawsuit.

1

A true and correct copy of the filed Declaration is attached hereto as Exhibit 1 and incorporated herein by this reference.

3.      Plaintiff Rin, Inc. has instructed its counsel to inform this Court that it vehemently objects to and opposes the purported "Unopposed Motion to Dismiss Action" and any dismissal of this action, and, instead, intends on filing the proposed post-trial Findings of Fact and Conclusions of Law and otherwise proceeding with the prosecution of this action.

Dated: February 4, 2015            /s/ David L. Gernsbacher
                                   David L. Gernsbacher, Esq.
                                   LAW OFFICE OF DAVID L. GERNSBACHER
                                   Attorney for Plaintiffs MAX KLEVEN and RIN, INC.

# EXHIBIT 1

David L. Gernsbacher   Cal. Bar No. 89596
E-Mail: dgernsbacher@dlglaw.com
LAW OFFICES OF DAVID L. GERNSBACHER
9107 Wilshire Blvd Ste 450
Beverly Hills CA 90210-5535
Tel:  (310) 550-0125
Fax: (310) 550-0608

Attorney for Plaintiffs and Counter-Defendants
MAX KLEVEN and RIN, INC.

Kirk M. Hallam   CA Bar No. 108975
E-Mail: kmhallam@aol.com
LAW OFFICES OF KIRK M. HALLAM
201 Santa Monica Blvd Ste 300
Santa Monica CA 90401-2224
Tel:  310-393-4006
Fax:  310-564-7623

Attorney for Intervenor
SHAMROCK ENTERTAINMENT, LTD.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MAX KLEVEN, an individual; RIN, INC., a California corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> DAPHNE HEREFORD, an individual; RIN TIN TIN, INC., a Texas Corporation; BELLEAIR TRADING INTERNATIONAL, LLC, a Florida limited liability company DOES 1 through 20, inclusive <br><br> Defendants. <br><br>───────────────────── <br><br> AND COUNTERCLAIMS AND CLAIMS IN INTERVENTION | Case No. CV13-02783 AB (AGRx) <br><br> DECLARATION OF MAX KLEVEN RE OBJECTIONS TO TRIAL DECLARATION OF DWIGHT ERICKSON <br><br> Trial: <br>    Date: December 2, 2014 <br>    Time: 8:30 a.m. <br><br> Courtroom of the Honorable <br> André Birotte Jr. <br> United States District Judge |

EXHIBIT 1

Page 4

# DECLARATION OF MAX KLEVEN

I, MAX KLEVEN, declare that the following information is true and accurate to the best of my knowledge.

1.   I am one of the plaintiffs in this action.  I make this Declaration in support of the joint evidentiary objections of plaintiffs and plaintiff-in-intervention Shamrock Entertainment, Ltd. to the declarations submitted by defendant Belleair Trading International, LLC ("Belleair").

2.  I worked on the first episode of the original TV series *The Adventures of Rin Tin Tin* beginning in 1954 and worked on every episode after that from 1954 through 1959.  After that I partnered with Herbert Leonard on numerous Rin Tin Tin projects until December 10, 2005, when Bert Leonard assigned me Rin Tin Tin rights.

3.   I remember speaking with Mr. Dwight Erickson of Belleair a few months ago.  I knew that there had been settlement discussions that were not fruitful so I made a phone call to find out on what conceivable basis Mr. Erickson could be depriving me of making a living by claiming motion picture and television rights.  I was a stuntman and filmmaker so I was not personally attached to that part of the lawsuit that involved the dog food.  I was only interested in finding out about my movie rights.  To say I disclaimed any rights or interest in dog food would be misstating or omitting the context of my comments.

4.   In addition, the only rights that I personally owned in my own right was a claim for elder abuse.  I did not own and was not authorized to make any settlement offers or negotiate any terms with respect to any of the other claims in the lawsuit.  In my mind, my conversations with Mr. Erickson were a follow-up to the previous unsuccessful settlement negotiations.  I was of that opinion before

Exhibit 1

Page 5

1 | calling Mr. Erickson that all settlement discussions were "off the record"
2 | otherwise no one would ever discuss settlement.
3 |          I declare under the laws of the United States of America that the foregoing
4 | is true and correct.
5 |          Executed this 17th day of November, 2014, in Agua Dulce, California.
6 |
7 |                                    Max Kleven
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |                                                        **Exhibit 1**
28 |

1    <u>PROOF OF SERVICE</u>

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3
       I am employed in the County of Los Angeles, State of California and my
4    business address is 9107 Wilshire Boulevard, Suite 450, Beverly Hills, CA 90210.  I
5    am over the age of 18 and not a party to this action.

6        On November 16, 2014, I served the foregoing document described
7    **Declaration of Max Kleven Re Objections to Trial Declaration of Dwight
     Erickson** , on interested parties in this action by placing a true copy thereof enclosed
8    in a sealed envelope at Santa Monica, California, addressed as follows:

9
       Daphne Hereford
10     Individually and as President
11     Rin Tin Tin, Inc.
       P.O. Box 27
12     Crockett, TX 75836
13     (with a copy by e-mail to Daphne@Hereford.com)

14
       I caused such envelope with postage thereon fully prepaid to be placed in the
15   United States mail.  I am "readily familiar" with the firm's practice of collection and
     processing of correspondence for mailing with the United States Postal Service.
16   Correspondence for mailing is deposited with the United States Postal Service on
17   that same day in the ordinary course of business.  The foregoing document was
     sealed and placed for collection and mailing on the foregoing date, following the
18   firm's ordinary practices.  I am aware that on motion of any party served, service is
19   presumed invalid if the postal cancellation date or postage meter date is more than
     one day after the date of deposit for mailing in the affidavit.
20

21       Executed on November 16, 2014, at Los Angeles County, California.

22       I declare under penalty of perjury that the above is true and correct.
23

24                                          /s/ David L. Gernsbacher
25

26

27                                     **Exhibit 1**

28
                                       **Page 7**

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California and my business address is 9107 Wilshire Blvd Ste 450 Beverly Hills CA 90210.  I am over the age of 18 and not a party to this action.

On February 4, 2015, I served the foregoing document described as **RESPONSE TO "UNOPPOSED MOTION TO DISMISS ACTION"**, on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope at Santa Monica, California, addressed as follows:

Daphne Hereford
Individually and as President of Rin Tin Tin, Inc.
daphne@hereford.co
P.O. Box 27
Crockett TX 75836

Based on an agreement of the Ms. Hereford to accept service by electronic transmission, I caused said document to be sent to the person at the email address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on February 4, 2015, at Beverly Hills, California.  I declare under penalty of perjury that the above is true and correct.

/s/ David L. Gernsbacher

8