**DAPHNE HEREFORD**
16 Meadow View Drive
Trinity, Texas 75862

Tel: 936-744-0048
E-Mail: Daphne@Hereford.co

Pro Se for DAPHNE HEREFORD

REPLY TO DEFAULTED DEFENDANT DAPHNE HEREFORD'S OPPOSITION TO MOTION FOR ENTRY OF DEFAULT JUDGMENT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MAX KLEVEN, an individual; RIN, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DAPHNE HEREFORD, an individual; RIN TIN TIN, Inc., a Texas Corporation; BELLEAIR TRADING INTERNATIONAL, LLC, a Florida limited liability company, DOES 1 through 20, Inclusive<br><br>Defendants.<br><br>AND COUNTERCLAIMS AND CLAIMS IN INTERVENTION | CASE NO.  2:13-cv-02783-ABC(AGR)<br><br>**DAPHNE HEREFORD'S REPLY TO PLAINTIFFS OPPOSITION TO MOTION AND FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT AND COUNTER-CLAIMANTS DAPHNE HEREFORD AND RIN TIN TIN, INC.**<br><br>[Filed concurrently with Declaration of Daphne Hereford in support of Defendant's Opposition to Permanent Injunction] |

Defendant Daphne Hereford, respectfully submits the following Reply to Plaintiff and Counter-Defendant Rin, Inc. ("Rin") and Plaintiff-in-Intervention Shamrock Entertainment, Ltd.'s ("Shamrock") Reply to the Opposition filed by Defendant Daphne Hereford ("Hereford") to Rin and Shamrock's Motion for entry

of a default judgment ("Motion for Judgment") against Hereford and Defendant Rin Tin Tin, Inc. ("RTTI").

## REPLY TO PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS AND COUNTER-CLAIMANTS DAPHNE HEREFORD AND RIN TIN TIN, INC.

Defendant Daphne Hereford (Hereford) respectfully responds to Plaintiff's mischaracterization of the facts and to their attempts to hoodwink the court into believing their false statements. Defendant Hereford would like to respond to the false the assertions made by Plaintiff's in their reply.

### I. INTRODUCTION

Plaintiff's attempts to convince the court that and exception to the Permanent Injunction should not be granted based on their assertion that Defendant Hereford abandoned the breeding of the Rin Tin Tin Line Dogs is absurd. American Kennel Club (AKC) records support that Hereford has continuously bred Rin Tin Tin Line Dogs for decades.

American Kennel Club Registration Records and DNA Reports (Hereford Decl., Exhibit 1) prove that Hereford has continuously bred dogs from the Rin Tin Tin Bloodline for several decades.

Plaintiffs choose to ignore the fact that Defendant Hereford is a respected breeder of quality German Shepherd Dogs known throughout the world as the breeder of Rin Tin Tin lineage. Plaintiffs would rather try to confuse the "Factual" breeding of Rin Tin Tin Line Dogs with the "need" for a Trademark to do so. That is simply not true. The dogs are **in fact** of the Rin Tin Tin Bloodline as indicated by AKC records and DNA. Defendant Hereford on three separate occasions Owned dogs registered as Rin Tin Tin.

Plaintiff's know that a Permanent Injunction prevent her from selling Rin Tin Tin Line Dogs would cause her irreparable harm.

Plaintiff's defamatory remarks about Hereford in their responses regarding the statements in Plaintiff Jeff Miller's Declaration (Miller Decl., 1:13-16 (July 12, 2014-email from Hereford) Those emails actually support Hereford's position that she was 'working with" Plaintiffs in their bid to win the case.

Plaintiff's claim, "Hereford's default was entered only after she opted not to participate in pre-trial proceedings and only after having been warned" is also absurd. In a series of email between Miller and Hereford as late as November-December 2014 prove that Plaintiffs were working with Hereford to ensure that they prevailed in the case. It wasn't until they sprang their request for a Permanent Injunction against her did she realize they were not honoring their word and she had no choice but to speak out.

The Declaration of David Gernsbacher also supports Defendant Hereford's position that she was coerced into helping Plaintiff as their pleading admits she was actively participating in the case and then suddenly stopped and her attorney Evan Ginsburg withdrew. That occurred because she was working with Plaintiff and Defendant Erickson was working with Plaintiff Kleven.

Plaintiffs fail to tell the court they have never owned a Rin Tin Tin Line Dog, sold a product labeled Rin Tin Tin in the United States or even advertised Rin Tin Tin Line Dogs in any manner, yet by using a fleet of attorneys have they have strong-armed their way to successfully having all the trademarks cancelled.

Plaintiffs choose to ignore that they coerced defendant Hereford into

helping achieve the cancellation of the trademarks with the promise of using Hereford's dogs in their projects. Plaintiffs led Defendant Hereford to believe they would work with her and her dogs in their projects once the case was over.

***I have made a commitment to you that I intent to keep***

Hereford Decl., 2:9-12 (May 29, 2014-email from Miller) (Emphasis added.).

Defendant Hereford and Plaintiffs even discussed a consulting position and a salary of $2,000 per month.

After it was discussed over an extended period of time and as late as December 8, 2014, *(Hereford Decl., Exhibit 2:13: (December 8, 2014-email from Miller)* Plaintiff's reassured Defendant Hereford that she would not be prevented from breeding the Rin Tin Tin Line Dogs. By the same token nor did they indicate they planned to ask for a Permanent Injunction that would in effect render her the only person in the United States of America who could not use the words "Rin Tin Tin" in any capacity.

Plaintiff's know Defendant Hereford authored and Copyrighted a book titled RIN TIN TIN: The Lineage and Legacy (ISBN 13:978-1468114980) *(Hereford Decl., Exhibit 2:14-15 )* **(Emphasis added.).** And they know that a Permanent Injunction would prevent her from selling it and cause her irreparable harm.

Plaintiffs own exhibits prove Defendant acted with integrity in dealing with them and followed their instructions regarding the renewal of several domains for them since 2013. In a show of good faith, Defendant Hereford transferred to Plaintiff's at a loss 15 Internet Domains in April 2014. *(Hereford Decl., Exhibit 3:1-2 (April 21 2014-email from Miller)* **(Emphasis added.).** Fast forward to December 2015 and Plaintiff's told

Hereford they intended to purchase at least 6 domains she had, but they did not consummate the deal. The domains are here property to sell so naturally, Defendant Hereford wanted to sell the domains and did in fact post them to Facebook.

Plaintiffs try to ignore that fact that they went so far in their deception aimed at Hereford to fund efforts to prevent other individuals from breeding and selling German Shepherds as Rin Tin Tin Line Dogs. Plaintiffs own attorney Gernsbacher drafted a letter for Defendant Hereford to send to the specific offenders Carol Riggins, Chelsea Riggins, T.C. and Kathy Carlton. Plaintiff Miller paid at least $4,500 in the legal fees for the matter leaving Defendant Hereford to be responsible for about $25,000 in legal fees in the matter. *(Hereford Decl., Exhibit 2:14 (January 20, 2015-email from Miller)* **(Emphasis added).**

Plaintiffs have made egregious and false accusations against Defendant Hereford regarding her participation in this case. Based on their promises to her, Hereford sat quietly back and let the case take its course. All along the way Plaintiffs assured Hereford everything would be fine in the end. Apparently those were empty promises.

Hereford assured Plaintiffs that by continuing to breed the Rin Tin Tin Line Dogs Defendant Hereford has no intention of violating any Intellectual Property rights Plaintiff's may, or may not, own because a Trademark is NOT Necessary for breeding since the dogs are *In Fact* Rin Tin Tin Line Dogs. Plaintiffs know, "if it is factual, a trademark is not needed." And it is likely that knowledge that led Plaintiffs to attempt to trick the court into believing the dogs are not Rin Tin Tin Line Dogs, when in fact they are. The dogs are also Linebred Descendants of Rin Tin Tin IV and from the same line as the

first Rin Tin Tin. The AKC Registrations, the DNA and the Pedigrees prove the lineage is on fact Rin Tin Tin.

## II. ARGUMENT

For each of the following reasons, this Court should reject Plaintiff's Objection and enter the proposed Judgment without the Permanent Injunction striking *p. 8, Lines 22-28, p. 9, Lines 1-28 and p. 10, Lines 1-5*.

A. The knowledge that Hereford's dogs are in fact of the Rin Tin Tin bloodline as supported by records of the American Kennel Club including Registration Records, DNA and Pedigrees. *(Hereford Decl., Exhibit 1)* (Emphasis added).

B. The fact that Plaintiff's tricked Hereford into believing they were going to work with her following the conclusion of the case, and that they went so far as to tell her not to worry about the judgment or to send any communications to the court regarding statements being made that she knew were not true or correct.

*I saw the default request-…I do not believe it is a major issue or that you need to be overly concerned.*

(February 28, 2014-email from Gernsbacher) (Emphasis added.).

*I have made a commitment to you that I intend to keep.*

(May 25, 2014-email from Miller) (Emphasis added.).

*I also wanted to reiterate my profound respect for you. I am in awe of who you are and what you are made of. Trust me, a fly on the wall would know that to be true. I told you that I wanted Rin Tin Tin to bring you joy*

*and not pain.*

(May 29, 2014-email from Miller) (Emphasis added.).

*Allow me to make this right and set your legacy up, as well as your future. It was meant to be that we connect in such a way to set things right. You have worked your whole life to do so, now is the time.*

(May 29, 2014-email from Miller) (Emphasis added.).

*I AM SO VERY APPRECIATIVE! Looking forward to us both being on the other side. Excited about what is to come.*

(August 4, 2014-email from Miller) (Emphasis added.).

*No letter to judge.*

(November 6, 2014-email from Miller) (Emphasis added.).

*This was my response to the (puppy) inquiry Erickson sent which is alleged to have come from his website.*

(November 11, 2014-email from +Hereford to Miller) (Emphasis added.).

*We will kill it!!! :)*

(November 13, 2014-email from Miller) (Emphasis added.).

*Girl on fire!!! You are really something. :)* (This statement from Miller was made in response to my email which stated: I am the breeder of the only authentic Rin Tin Tin Line Dogs in the world. I have bred these dogs since 1957 and I plan to continue to do so. A trademark is not needed for that.)

(December 5, 2014-email from Miller) (Emphasis added.).

*I will call you in one hour. Is that okay?* (This was in response to my email stating – You told me I would be a great consultant for your projects(s); you knew I planned to continue breeding the dogs since I am the only person who KNOWS the lineage and we learned that Kathy and crew planned to work only with Erickson; you told me to trust you and swore to me you could be trusted. I need some form of reassurance from you that you do bot intend to try to interfere with or prevent me from breeding and selling my Rin Tin Tin Line Dogs or using the words to advertise them.

(December 8, 2014-email from Miller) (Emphasis added.).

C.  The fact that Plaintiff's went so far as to help Hereford prepare cease and desist letters and locate a Texas attorney (and pay for that attorney) to stop former associates of Hereford's from breeding Rin Tin Tin Line Dogs in conjunction with Defendant Belleair and/or Erickson. Defendant Hereford followed Miller's instruction and after he paid $4,500 in the associated attorney bills has now h left her with an attorney bill amounting to about $20,000 she cannot pay.

*Btw, if you want to look into someone in Tyler and let me know the cost for that, it is a good plan in my book. That might be a good option.*

(January 20, 2015-email from Miller) (Emphasis added.).

## III. CONCLUSION

Shorn of its irrelevant defaming, false accusations and trickery Plaintiff's Response to Hereford's Opposition is nothing more than an attempt to hoodwink the court into believing the German Shepherd Dogs bred by Defendant Hereford are not legitimate (despite long-standing AKC Records and DNA) and that she did not respond to court filings because she was of the understanding that Plaintiffs would work with her and her dogs after the case was over. Defendant is guilty of one thing; believing Plaintiffs when they told her "not to worry about the default judgment."

Hereford is most certainly not guilty of the egregious and defaming accusations made by Plaintiffs in their most recent reply.

If Plaintiff's Permanent Injunction is granted, Defendant Hereford will most certainly (1) suffer an irreparable injury (2) considering the hardships created by Plaintiff's against Defendant with their calculated deception, a remedy in equity is warranted and (3) that the public interest would be disserved by a permanent injunction and a well-respected German Shepherd Dog Bloodline spanning nearly 100 years would be completely destroyed.

Accordingly, Defendant Daphne Hereford respectfully requests that the court reject (and/or strike) that portion of the Judgement and Injunction *(p. 8, Lines 22-28, p. 9, Lines 1-28 and p. 10, Lines 1-5)* which improperly

prevents Defendant Hereford from using the "words" Rin Tin Tin or breeding, raising, training and selling her German Shepherd Dogs as Linebred descendants of Rin Tin Tin IV based on historical and factual data supported by American Kennel Club records, Official Pedigrees and DNA.

DATED: January 25, 2016    DAPHNE HEREFORD

Pro Se

_/s/ Daphne Hereford_

## PROOF OF SERVICE

I am unemployed and live in the County of Trinity, State of Texas with an address of 16 Meadow View Drive, Trinity, Texas 75862. I am over the age of 65.

I caused the foregoing document described as **OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS AND COUNTER-CLAIMANTS DAPHNE HEREFORD AND RIN TIN TIN, INC.** to be sent electronically by E-mail and by United States Postal Service mail to the person(s) at the addresses and manner listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Catherine R. Lombardo
cathlom@yahoo.com

Evan L. Ginsburg
Elg440@aol.com

Lora M. Friedemann
lfriedemann@friedlaw.com

Deborah F. Siras
Deborah.sirias@lewisbrisbois.com

Cynthia A. Moyer
cmoyer@fredlaw.com

Ralph C. Loeb
ralph@kranesmith.com

David Laurence Gernsbacher
dgernsbacher@dlglaw.com

By United States Postal Service mail:
The Honorable Andre Birotte, Jr.
Central District of California
Court Clerk, Carla Badirian
Courtroom 4, Second Floor
312 North Spring Street
Los Angeles, CA 90012-4701

Executed on January 25, 2016 at Trinty, Texas, I declare under penalty of perjury that the above is true and correct.

/s/ Daphne Hereford