JS-6

NOTE CHANGES BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX KLEVEN, an individual; RIN, INC., a California corporation,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>DAPHNE HEREFORD, an individual; RIN TIN TIN, INC., a Texas Corporation; BELLEAIR TRADING INTERNATIONAL, LLC, a Florida limited liability company DOES 1 through 20, inclusive<br><br>　　　　Defendants.<br><br>AND COUNTERCLAIMS AND CLAIMS IN INTERVENTION | Case No. CV 13-02783-AB (AGRx)<br><br>[*PROPOSED*] JUDGMENT AGAINST DEFENDANTS DAPHNE HEREFORD AND RIN TIN TIN, INC. |

# JUDGMENT

Having granted Plaintiff Rin, Inc. ("Rin") and Plaintiff-in-Intervention Shamrock Entertainment, Ltd.'s ("Shamrock") Motion for Entry of Default Judgment against Defendants Rin Tin Tin, Inc. ("RTTI") and Daphne Hereford ("Hereford"), and in accordance with that Order, the Court hereby **ORDERS, ADJUDGES, AND DECLARES AS FOLLOWS**:

**THE COURT HEREBY DECLARES** that Hereford and RTTI have no rights in or to the marks or copyrights for the iconic German Shepherd dog character Rin Tin Tin, including the name associated with that character.

**IT IS FURTHER ORDERED AND ADJUDGED** that, to the extent not already dismissed by the Court's Order dated July 15, 2014 (Dkt. No. 106), Hereford and RTTI's Counter-Claims are hereby dismissed with prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that Hereford and RTTI, and each of them and their respective officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise (collectively, "Enjoined Parties"), are permanently enjoined from:

1. marketing or distributing to the public, directly or through the Internet or otherwise, by sale or other transfer of ownership, or by rental, lease or lending, images, motion pictures or tangible objects that include, are labeled with or bear the name, mark, character or phrase "Rin Tin Tin" or any similar mark or phrase, or any combination or portion(s) thereof or any other names, marks or characters confusingly similar thereto;

2. licensing or authorizing, or purporting to license or authorize, the creation, marketing, sale or distribution of products, motion pictures or other works bearing the name, mark, character or phrase "Rin Tin Tin" or any similar mark or phrase, or any combination or portion(s) thereof or any other names, marks or characters confusingly similar thereto;

3. publicly displaying, whether on the Internet or elsewhere, images or tangible objects that are substantially similar to Rin and Shamrock's copyrighted Rin Tin Tin works;

4. offering, selling, marketing or distributing, through the Internet or otherwise, any articles or items bearing the name, mark, character or phrase "Rin Tin Tin" or any similar mark or phrase, or any combination or portion(s) thereof or any other names, marks or characters confusingly similar thereto;

5. using, on the Internet or elsewhere, in connection with the offer, sale or provision of any services the name, mark, character or phrase "Rin Tin Tin" or any similar mark or phrase, or any combination or portion(s) thereof or any other names, marks or characters confusingly similar thereto;

6. stating or representing in any manner whether or not in connection with any goods or services, or in commercial advertising or promotion, on the Internet or elsewhere, that Enjoined Parties, or any of them, own or hold for themselves or for the benefit of others any rights of any nature or kind in the name, mark, character or phrase "Rin Tin Tin" or any similar mark or phrase, or any combination or portion(s) thereof or any other names, marks or characters confusingly similar thereto, and/or copyrighted works;

7. stating or representing in any manner in connection with any goods or services or in commercial advertising or promotion, on the Internet or elsewhere, that Enjoined Parties, or any of them, are in any way authorized to use the name, mark, character or phrase "Rin Tin Tin" or any similar mark or phrase, or any combination or portion(s) thereof or any other names, marks or characters confusingly similar thereto unless such authorization is in a notarized writing signed by Rin and Shamrock, or any of them; and/or

8. authorizing or purporting to authorize others to do any of the above acts.

//
//

2

**IT IS FURTHER ORDERED AND ADJUDGED** that Shamrock and Rin, on the one hand, and Hereford and RTTI, on the other hand, shall each bear their respective costs and attorneys' fees.

**IT IS SO ORDERED**.

Dated: February 18, 2016

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE